## THE DANSVILLE SEMINARY vs. WELCH.

The defendant, with others, subscribed a paper by which he agreed to pay $200 to the trustees or a committee to be appointed by the East Genesee conference of the Methodist Episcopal church, for the purpose of purchasing premises and erecting or procuring a seminary building or buildings and apparatus, to be located in D., and to be under the supervision and control of the East Genesee conference, &c. The subscription contained a provision that the said conference should establish and put in operation a seminary in D., with all reasonable dispatch. It was not to be binding until $15,000 had been subscribed, nor until said conference should by resolution agree to accept the trust, and should nominate and ratify the appointment of trustees or committee to receive and expend the money. The sum of $15,000 was subscribed. The conference duly accepted the trust reposed, and assumed the responsibility of directing the proposed enterprise, and appointed certain persons the first board of trustees of the institution, and authorized them to organize and obtain a charter. Such trustees were subsequently incorporated, by the regents of the university, under the name of the " Dansville Seminary." *Held* that by operation of law, as well as by the spirit and meaning of the subscription, the amount subscribed to the paper became due to the literary institution by its corporate name, and that an action upon the subscription paper was well brought in the corporate name of the seminary, without any formal direct assignment thereof from the committee originally appointed by the conference.

THIS was a motion by the plaintiff for a new trial, on a case and exceptions, which were ordered to be heard at general term, in the first instance. The action was brought upon a subscription paper, in these words : " We whose names are hereunto subscribed, mutually and severally agree to pay the trustees or a committee to be appointed by the East Genesee conference of the Methodist Episcopal church, as hereinafter mentioned, the sum set opposite our respective names, for the purpose of purchasing premises and erecting or providing seminary building or buildings and apparatus, to be located in the town of North Dansville, in the county of Livingston, N. Y., and to be under the supervision and control of the East Genesee conference of the Methodist Episcopal church, in the same manner that the Genesee Wesleyan Seminary at Lima was under the supervision and con-

trol of the Genesee conference, before the division of said conference.

Said promise is upon the consideration of the mutual promise of each other, and upon the faith and understanding that the money so subscribed shall be expended by the trustees or committee to be appointed by said East Genesee conference, for the purpose aforesaid; and that said conference shall establish and put in operation a seminary in said town, with all reasonable dispatch; and said building or buildings, premises and apparatus to belong to said committee and their successors in office, while they shall sustain a seminary in said town; but in case of their failure so to sustain a seminary, the said premises, building or buildings and apparatus are to be sold, and the avails, after paying all demands against said institution, shall be divided ratably among the subscribers hereto, or their assigns or legal representatives. This subscription not to be binding until the sum of at least fifteen thousand dollars is in good faith subscribed by responsible persons, nor until the said conference shall by resolution agree to accept the trust herein provided, and shall nominate and ratify the appointment of trustees or committee to receive said money and expend it for the purpose hereinbefore mentioned.

Said sums to be paid in eight semi-annual installments, ·from the 1st day of September, 1857."

To this paper the defendant subscribed the sum of $200. On the trial the court nonsuited the plaintiff, on the ground that the plaintiff could not sustain the action without an assignment of the subscription from the committee originally appointed by the conference.

The plaintiff relied upon the 111th section of the code, which requires an action to be prosecuted in the name of the real party in interest; and claimed that the corporation was the real party in interest in this case.

*Hubbard & Noyes,* for the plaintiff.

*J. W. Smith,* for the defendant.

*By the Court,* WELLES, J.   I think the plaintiff was improperly nonsuited.   The action was brought to recover the amount due on a subscription by the defendant to pay $200 to the trustees, or a committee to be appointed by the East Genesee conference of the Methodist Episcopal church, for the purpose of purchasing premises and erecting or providing a seminary building or buildings and apparatus, to be located in the town of North Dansville in the county of Livingston, and to be under the supervision and control of the East Genesee conference, in the same manner that the Genesee Wesleyan Seminary at Lima was under the supervision and control of the Genesee conference before the division of the conference.   The subscription contained, among other things, a further provision that the said conference should establish and put in operation a seminary in said town with all reasonable dispatch.   It was not to be binding until the sum of at least $15,000 was in good faith subscribed by responsible persons, "nor until said conference shall by resolution agree to accept the trust herein provided, and shall nominate and ratify the appointment of trustees or committee, to receive said money and expend it for the purpose hereinbefore mentioned."   There were other provisions in the subscription which are not necessary to be referred to for the purpose of deciding the motion for a new trial.   It bears date Dansville, July 30, 1857.

Evidence was given on the trial tending to show that at least the sum of $15,000 was in a short time subscribed in good faith by responsible persons.   That at a regular session of the East Genesee conference of the Methodist Episcopal church, held at Canandaigua on or about the 18th day of August, 1857, the conference by resolution duly accepted the trust reposed, and assumed the responsibility of directing

the proposed enterprise, on the terms proposed in the sub-
scription; and also by resolution appointed eighteen persons
by name as the first board of trustees of said institution,
with instructions to hold their first meeting in the first Pres-
byterian church in the village of Dansville on the 1st day of
September next thereafter, at 2 o'clock P. M., and author-
ized said board to organize and obtain a suitable charter for
the institution of learning, which charter was to contain a
provision for the renewal of said board by an annual election
of at least six trustees from persons nominated from the East
Genesee conference. Other resolutions were adopted by the
conference, not material to be here mentioned.

Subsequently, and by a charter bearing date January 14,
1858, the trustees named in the resolution of the conference
were duly incorporated by the regents of the university, un-
der the name of "Dansville Seminary." The charter recited
that Samuel W. Smith and others had in due form made
application for the charter; that certain subscriptions had
been obtained, and certain amounts contributed, for the en-
dowment of said academy, and that they, the said appli-
cants, were the subscribers and contributors for more than
one-half of said amounts, and requesting that the said acad-
emy might be incorporated, &c., and nominating the persons
named in the charter as the first trustees thereof. The char-
ter was read in evidence without objection. The justice
holding the circuit nonsuited the plaintiff, on the ground
that the action could not be sustained in the plaintiff's name,
on the subscription, without an assignment thereof from the
committee originally appointed by the conference. In this,
I think, the justice erred. No formal direct assignment from
the committee was necessary. By operation of law, as well
as by the spirit and meaning of the subscription, the amount
subscribed became due to the literary institution by its cor-
porate name, to endow which was the express object and de-
sign of the subscription. The seminary, by the terms of the
subscription, was to be under the supervision and control of

the conference. It was incorporated by the advice and direction of the conference, and the trustees named in the charter are all the identical persons appointed by the conference in pursuance of the terms of the subscription. I entertain no doubt that the action is well brought in the name of the plaintiff. There were other grounds stated in the motion for nonsuit, but as the decision by the justice laid them all out of view, and was founded upon this alone, I do not deem it necessary to consider them. If it was, I think they could be answered and shown to be untenable, assuming any of them to have been well taken. Yet as the justice did not consider them, and placed his decision upon the one stated, if he had held either of the others good, *non constat* but further evidence would have been offered and received on the part of the plaintiff, and the objections thus obviated.

These views require an order setting aside the nonsuit and directing a new trial, with costs to abide the event.

Ordered accordingly.

[MONROE GENERAL TERM, September 1, 1862. *Johnson, Campbell* and *Welles,* Justices.]